IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAQUEENA EASTERWOOD as Administrator )
of the Estate of DONTE L. JOHNSON,, deceased ) 17-cv-2888
                           Plaintiff, )
            vs. ) JUDGE
                                            )
VILLAGE OF DOLTON, ) **Jury Demand**
and UNKNOWN OFFICERS )
                          Defendants. )

COMPLAINT

NOW COMES the plaintiff, SAQUEENA EASTERWOOD as Administrator of the Estate of DONTE L. JOHNSON, deceased by her attorneys, Brian W. Coffman, Coffman Law Offices, P.C. Mark F. Smolens, and Richard Mottweiler, and Nicole Barkowski of Mottweiler and Smolens, LLP and as her Complaint against all Defendants states as follows:

JURISDICTION AND VENUE

1. This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' actions which violated Donte Johnson's rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for claims arising under Illinois law.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343 and this Court's supplemental and ancillary jurisdiction under Title 28 U.S.C. Section 1367. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

1

## PARTIES

3.  Plaintiff, SAQUEENA EASTERWOOD brings this action as the Administrator of the Estate of DONTE L. JOHNSON., deceased. SAQUEENA EASTERWOOD is the mother of DONTE L. JOHNSON., who was a resident of County of Cook, State of Illinois, in this District. DONTE L. JOHNSON died as a result of the injuries he sustained at the hands of Defendants.

4.  At all times material hereto defendants UNKNOWN OFFICERS were sworn law enforcement officers employed by the VILLAGE OF DOLTON. At all times material hereto defendants UNKNOWN OFFICERS were acting under color of state law and within the scope of his employment with the VILLAGE OF DOLTON.

5.  VILLAGE OF DOLTON is a municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the VILLAGE OF DOLTON was the employer of defendants UNKNOWN OFFICERS and other police officers involved in varying degrees in the events at issue.

6.  On June 26, 2016, Defendants UNKNOWN OFFICERS responded to a call of a robbery at the Shell gas station located at 1445 E. Sibley in Dolton, Illinois.

7.  UNKNOWN OFFICERS, driving separate marked police vehicles, pulled into the parking lot of the Shell gas station, and exited their marked police vehicles with service weapons drawn.

8.  DONTE L. JOHNSON, who was in the parking lot of the Shell gas station, ran away from UNKNOWN OFFICERS.

9.  As DONTE L. JOHNSON ran away from UNKNOWN OFFICERS, one or both officers discharged their service weapons at DONTE L. JOHNSON.

10. At least one of the bullets fired by UNKOWN OFFICERS struck and killed DONTE L. JOHNSON.

11. At the time the officers shot at DONTE L. JOHNSON, he did not pose a threat to UNKNOWN OFFICERS or any other citizen.

12. According to the Cook County Medical Examiner, DONTE L. JOHNSON died of multiple gunshot wounds.

13. As a direct and proximate result of the Defendants' misconduct, DONTE L. JOHNSON's minor children, and beneficiaries of the ESTATE OF DONTE L. JOHNSON suffered, as well as his family, suffered inter alia, injury, pain and suffering, mental distress, loss of love, affection, society, companionship, consortium and expenses, as well as other injuries as a result of DONTE L. JOHNSON's death.

## COUNT I

### (EXCESSIVE FORCE VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983)

14. Plaintiff re-alleges and incorporates lines one through fourteen above as if fully restated here in.

15. At all times relevant hereto, DONTE L. JOHNSON., had the right to be from injury from unreasonable, malicious, excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

16. As described above, Defendants violated DONTE L. JOHNSON's right to be free from unreasonable, malicious, excessive force when they shot DONTE L. JOHNSON causing multiple gunshot wounds which proximately caused his death.

17. As result of Defendants' concerted unjustified and excessive use of force, DONTE L. JOHNSON suffered physical injuries, emotional pain and suffering and ultimately

death.

18. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to DONTE L. JOHNSON's constitutional rights.

19. The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT II

## WRONGFUL DEATH - STATE LAW

20. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs one through nineteen, above, as and for this paragraph twenty.

21. At the aforesaid place and time, the VILLAGE OF DOLTON, by its agents and employees, including but not limited to the individually named defendants UNKNOWN OFFICERS, was under a duty to avoid willful and wanton misconduct while conducting police activities.

22. At all times relevant, it was the duty of the VILLAGE OF DOLTON by and through its duly authorized agents, servants, and/or employee police officers, to refrain from conduct exhibiting a reckless or conscious disregard for the safety of others, including the plaintiff's decedent, DONTE L. JOHNSON.

23. Moreover, at the aforesaid time and place, the VILLAGE OF DOLTON by its agents and employees, was under a duty to comply with and conduct itself in accordance with accepted and established police procedures and policies and the DOTLON Police Department's General and Special Orders.

24. Notwithstanding these duties, the VILLAGE OF DOLTON by its authorized

agents, servants, and/or employee police officers committed one or more of the following willful and wanton acts and/or omissions:

    a.    Used deadly force against DONTE L. JOHNSON under circumstances in which JOHNSON presented no threat of death or serious bodily harm to the police officers or any other individual;

    b.    Discharged a firearm at DONTE L. JOHNSON under circumstances in which JOHNSON presented no threat of death or serious bodily harm to the police officers or any other individual;

    c.    Discharged a firearm at DONTE L. JOHNSON when JOHNSON was unarmed and running away from the officers;

    d.    Discharged a firearm at DONTE L. JOHNSON when the individual defendant police officers knew or should have known that DONTE L. JOHNSON was no threat to them, in violation of their Department's Use of Force policy;

    e.    Recklessly and intentionally discharged a firearm at DONTE L. JOHNSON knowing that it would cause JOHNSON's death or serious bodily injury;

    f.    Allowed UNKNOWN OFFICERS, in conjunction with other employees and supervisory personnel of the Police Department, to participate in an orchestrated plan or scheme to cover up or conceal the misconduct of the individual defendant officers in taking the life of the plaintiff's decedent without any lawful justification whatsoever, by inter alia making false and misleading public misstatements about the conduct of the plaintiff's decedent prior to his death at the hands of the individual defendant officers.

25. That the aforesaid acts were committed occurred with reckless disregard for the safety of others, including but not limited to plaintiff's decedent DONTE L. JOHNSON, and constituted willful and wanton conduct.

26. As described in the preceding paragraphs, the conduct of UNKNOWN OFFICERS, acting within the scope of their employment, constituted unjustified and offensive physical contact, was undertaken willfully and wantonly, and proximately caused injury and death to DONTE L. JOHNSON.

27. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights and safety of others, including DONTE L. JOHNSON.

28. As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions, DONTE L. JOHNSON was shot, and died shortly thereafter.

29. The misconduct described in this Count was undertaken by UNKNOWN OFFICERS within the scope of their employment such that their employer, the VILLAGE OF DOLTON is liable for their actions.

30. As a direct and proximate result of the death of JOHNSON, his mother, SAQUEENA EASTERWOOD plaintiff, and the heirs of DONTE L. JOHNSON's estate, his minor children, have and will continue to suffer great loss of a personal and pecuniary nature, and have been and will continue to be deprived of the society, companionship, friendship, comfort, guidance, love and affection of their son and father.

WHEREFORE, plaintiff SAQUEENA EASTERWOOD, as Administrator of the Estate of DONTE L. JOHNSON, deceased, respectfully requests that judgment be entered in her favor for compensatory damages, against all of the named defendants, for punitive

damages against defendants, plus an award to the plaintiff pursuant to Title 28 U.S.C. § 1988 for attorney's fees and costs, in addition to any other relief from this Court deemed just and proper.

Respectfully Submitted,

/s/ Brian W. Coffman

One of Plaintiffs' Attorneys

BRIAN W. COFFMAN # 6285942
COFFMAN LAW OFFICES, P.C.
2615 N. Sheffield Avenue, Suite #1
Chicago, IL 60614
T: 773-348-1295
F: 773-242-6188
bcoffmanlaw@gmail.com

MOTTWEILER & SMOLENS, LLP
MARK F. SMOLENS #6190482
RICHARD R. MOTTWEILER #3123509
NICOLE L. BARKOWSKI #6295834
1627 Colonial Parkway, Suite 301
Inverness, Il 60067
T: 773-580-4982
ryansmolensjones@hotmail.com
tcblaw@aol.com
nbarkowski@gmail.com