IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN
DIVISION

| | | |
|---|---|---|
| SAQUEENA EASTERWOOD as Administrator of the Estate of DONTE L. JOHNSON, deceased, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 17 CV 2888 |
| v. | ) ) ) | Honorable Judge |
| VILLAGE OF DOLTON, PHILIP SHEEHAN and RYAN PEREZ, | ) ) ) | Samuel Der-Yeghiayan |
| Defendants. | ) | Jury Demand |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendants, Village of Dolton, Philip Sheehan and Ryan Perez, by and through their attorneys, John B. Murphey, Rosenthal, Murphey, Coblentz & Donahue and hereby answers Plaintiff's Amended Complaint as follows:

JURISDICTION AND VENUE

1. This action seeks damages under federal law, Title 42 U.S.C. § 1983, for defendants' actions which violated Donte Johnson's rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for claims arising under Illinois law.

**ANSWER:** Defendants admit Plaintiff seeks damages under federal law, Title 42 U.S.C. § 1983 and for claims arising under Illinois law. Defendants deny the remaining allegations in Count 1 of Plaintiff's Complaint.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343 and this Court's supplemental and ancillary jurisdiction under Title 28 U.S.C. Section 1367. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events

giving rise to the claims asserted herein took place within this Northern District of Illinois.

**ANSWER:** Defendants admit.

## PARTIES

3. Plaintiff, Saqueena Easterwood brings this action as the Administrator of the Estate of Donte L. Johnson, deceased. Saqueena Easterwood is the mother of Donte L. Johnson, who was a resident of County of Cook, State of Illinois, in this District. Donte L. Johnson died as a result of the injuries he sustained at the hands of Defendants.

**ANSWER:** Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. At all times material hereto defendants Philip Sheehan and Ryan Perez were sworn law enforcement officers employed by the Village of Dolton. At all times material hereto defendants Philip Sheehan and Ryan Perez were acting under color of state law and within the scope of his employment with the Village of Dolton.

**ANSWER:** Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Village of Dolton is a municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the Village of Dolton was the employer of defendants Philip Sheehan and Ryan Perez and other police officers involved in varying degrees in the events at issue.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. On June 26, 2016, Defendants Philip Sheehan and Ryan Perez responded to a call of a robbery at the Shell gas station located at 1445 E. Sibley in Dolton, Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6 of Plaintiff's

Complaint

7. Philip Sheehan and Ryan Perez, driving separate marked police vehicles, pulled into the parking lot of the Shell gas station, and exited their marked police vehicles with service weapons drawn.

**ANSWER:** Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Donte L. Johnson, who was in the parking lot of the Shell gas station, ran away from Philip Sheehan and Ryan Perez.

**ANSWER:** Defendants admit that Johnson ran away from the scene of the violent crime he just committed. Defendants information sufficient to form a belief as to why Johnson ran away, and accordingly deny the remainder of this allegation.

9. As Donte L. Johnson ran away, both Philip Sheehan and Ryan Perez discharged their service weapons at Donte L. Johnson.

**ANSWER:** Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. At least one of the bullets struck and killed the Philip Sheehan and Ryan Perez.

**ANSWER:** Defendants lack information sufficient to form a belief as to Paragraph 10 and accordingly denies it.

11. At the time the officers shot at Donte L. Johnson, he did not pose a threat to Philip Sheehan and Ryan Perez or any other citizen.

**ANSWER:** Defendants deny the allegations contained in Paragraph 11 of Plaintiff's complaint

12. According to the Cook County Medical Examiner, Donte L. Johnson died of

multiple gunshot wounds.

**ANSWER:** Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. As a direct and proximate result of the Defendants' misconduct, Donte L. Johnson's minor children, and beneficiaries of the Estate of Donte L. Johnson suffered, as well as his family, suffered inter alia, injury, pain and suffering, mental distress, loss of love, affection, society, companionship, consortium and expenses, as well as other injuries as a result of Donte L. Johnson's death.

**ANSWER:** Defendants deny the allegations contained in Paragraph 13 of Plaintiff's complaint

### COUNT I
### (EXCESSIVE FORCE VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983)

14. Plaintiff re-alleges and incorporates lines one through fourteen above as if fully restated herein.

**ANSWER:** Defendants incorporate their Answers to paragraphs 1-13.

15. At all times relevant hereto, Donte L. Johnson, had the right to be from injury from unreasonable, malicious, excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:** Defendants admit Donte L. Johnson had the rights protected by the Constitution of the United States. Defendants deny any violation of those rights.

16. As described above, Philip Sheehan and Ryan Perez violated Donte L. Johnson's right to be free from unreasonable, malicious, excessive force when shot Donte L. Johnson causing multiple gunshot wounds which proximately caused his death.

**ANSWER:** Defendants deny the allegations contained in Paragraph 16 of Plaintiff's complaint.

17. As result of Philip Sheehan's and Ryan Perez's concerted unjustified and excessive use of force, Donte L. Johnson suffered physical injuries, emotional pain and suffering and ultimately death all to his damage.

**ANSWER:** Defendants deny the allegations contained in Paragraph 17 of Plaintiff's complaint.

18. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Donte L. Johnson's constitutional rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 18 of Plaintiff's complaint.

19. The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendants deny the allegations contained in Paragraph 19 of Plaintiff's complaint.

WHEREFORE, Defendants pray that Count I be dismissed.

## COUNT II
## WRONGFUL DEATH – STATE LAW

20. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs one through nineteen, above, as and for this paragraph twenty.

**ANSWER:** Defendants incorporate their Answers to paragraphs 1-19.

21. At the aforesaid place and time, the Village of Dolton, by its agents and employees, including but not limited to the individually named defendants Philip Sheehan and

Ryan Perez, was under a duty to avoid willful and wanton misconduct while conducting police activities.

**ANSWER:** Defendants admit only to owing those duties required by law. Defendants deny all remaining allegations in paragraph 21.

22. At all times relevant, it was the duty of the Village of Dolton by and through its duly authorized agents, servants, and/or employee police officers, to refrain from conduct exhibiting a reckless or conscious disregard for the safety of others, including the plaintiff's decedent, Donte L. Johnson.

**ANSWER:** Defendants admit only to owing those duties required by law. Defendants deny all remaining allegations in Paragraph 22.

23. Moreover, at the aforesaid time and place, the Village of Dolton, by its agents and employees, was under a duty to comply with and conduct itself in accordance with accepted and established police procedures and policies and the Dolton Police Department's General and Special Orders.

**ANSWER:** Defendants admit only to owing those duties required by law. Defendants deny all remaining allegations in Paragraph 23.

24. Notwithstanding these duties, the Village of Dolton by its authorized agents, servants, and/or employee police officers committed one or more of the following willful and wanton acts and/or omissions:

a. Used deadly force against Donte L. Johnson under circumstances in which Johnson presented no threat of death or serious bodily harm to the police officers or any other individual;

b. Discharged a firearm at Donte L. Johnson under circumstances in which Johnson

presented no threat of death or serious bodily harm to the police officers or any other individual;

  c. Discharged a firearm at Donte L. Johnson when Johnson was unarmed and running away from the officers;

  d. Discharged a firearm at Donte L. Johnson when the individual defendant police officers knew or should have known that Donte L. Johnson was no threat to them, in violation of their Department's Use of Force policy;

  e. Recklessly and intentionally discharged a firearm at Donte L. Johnson knowing that it would cause Johnson's death or serious bodily injury;

  f. Allowed Unknown Officers, in conjunction with other employees and supervisory personnel of the Police Department, to participate in an orchestrated plan or scheme to cover up or conceal the misconduct of the individual defendant officers in taking the life of the plaintiff's decedent without any lawful justification whatsoever, by inter alia making false and misleading public misstatements about the conduct of the plaintiff's decedent prior to his death at the hands of the individual defendant officers.

  **ANSWER:** Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

  25. That the aforesaid acts were committed occurred with reckless disregard for the safety of others, including but not limited to plaintiff's decedent Donte L. Johnson, and constituted willful and wanton conduct.

  **ANSWER:** Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

  26. As described in the preceding paragraphs, the conduct of defendants Philip Sheeha and Ryan Perez, acting within the scope of their employment, constituted unjustified and

offensive physical contact, was undertaken willfully and wantonly, and proximately caused injury and death to Donte L. Johnson.

**ANSWER:** Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights and safety of others, including Donte L. Johnson.

**ANSWER:** Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions, Donte L. Johnson was shot, and died shortly thereafter.

**ANSWER:** Defendants deny the allegations contained in Paragraph 28 of Plaintiff's complaint.

29. The misconduct described in this Count was undertaken by defendants Philip Sheehan and Ryan Perez within the scope of their employment such that their employer, the Village of Dolton is liable for their actions.

**ANSWER:** Defendants deny the allegations contained in Paragraph 29 of Plaintiff's complaint.

30. As a direct and proximate result of the death of Johnson, his mother, Saqueena Easterwood plaintiff, and the heirs of Donte L. Johnson's estate, his minor children, have and will continue to suffer great loss of a personal and pecuniary nature, and have been and will continue to be deprived of the society, companionship, friendship, comfort, guidance, love and affection of their son and father.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 30.

WHEREFORE, Defendants pray that Count II be dismissed.

### AFFIRMATIVE DEFENSE OF DEFENDANTS SHEEHAN AND PEREZ
### TO COUNT I
### (Qualified Immunity)

1. The conduct of Officers Philip Sheehan and Ryan Perez did not violate any clearly established law of which a reasonable police officer would have been aware.

2. Accordingly, Officers Philip Sheehan and Ryan Perez are entitled to judgment in their favor based on his qualified immunity.

Defendants demand a jury trial.

Respectfully submitted,

VILLAGE OF DOLTON, PHILIP SHEEHAN AND RYAN PEREZ, Defendants

   /s/ John B. Murphey
John B. Murphey

John B. Murphey
ROSENTHAL, MURPHEY, COBLENTZ & DONAHUE
Attorneys for Defendant
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191
jmurphey@rmcj.com

# CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Mark F. Smolens
Richard R. Mottweiler
Nicole L. Barkowski
MOTTWEILER & SMOLENS, LLP
1627 Colonial Parkway
Suite 301
Inverness, IL 60067
Tel: 773.580.4982
ryansmolensjones@hotmail.com
tcblaw@aol.com
nbarkowski@gmail.com

Brian W. Coffman
COFFMAN LAW OFFICES
2615 N. Sheffield
Suite #1
Chicago, IL 60614
Tel: 773.348.1295
bcoffmanlaw@gmail.com


/s/   John B. Murphey
Rosenthal, Murphey, Coblentz & Donahue
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
(312) 541-1070
(312) 541-9191 (fax)
jmurphey@rmcj.com