UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAQUEENA EASTERWOOD, as Administrator of the Estate of DONTE L. JOHNSON, deceased,<br><br>      Plaintiff,<br><br>v.<br><br>VILLAGE OF DOLTON, PHILIP SHEEHAN, and RYAN PEREZ,<br><br>      Defendants. | Case No. 17-cv-2888<br><br>Judge Sharon Johnson Coleman |

**ORDER**

The defendants' motion for summary judgment [48] is denied.

**STATEMENT**

The plaintiff, Saqueena Easterwood, on behalf of her deceased son Donte Johnson, brought this action alleging the unconstitutional use of excessive force and a state law wrongful death claim against the Village of Dolton and Dolton police officers Philip Sheehan and Ryan Perez. The defendants have moved for summary judgment on those claims, asserting that they are entitled to qualified immunity or that no dispute of material fact remains as to the underlying claims.

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Awards of summary judgment in deadly force cases, however, may be made "only with particular care" where the defendants are the

1

only witnesses able to testify to the events in question, because the defendant knows that no other witnesses will be available to contradict their testimony. In such circumstances, the Court must undertake a critical assessment of the forensic evidence, contemporaneous statements, and expert opinions to determine whether the officer's testimony could reasonably be rejected at trial. *Plakas v. Drinski*, 18 F.3d 1143, 1147 (7th Cir. 1994).

The evidence mustered to avoid summary judgment in this case is admittedly weak. Both officers testified consistently that they saw Johnson point a weapon at Officer Sheehan and that Johnson was armed while fleeing from them. The other witnesses did not observe these incidents and therefore do not dispute the officers' version of events, and there appears to be no forensic evidence calling that version of events into question.

There are, however, security camera recordings of the incident in question. In an ideal world, such recordings would eliminate any potential dispute of fact and would allow a decisive determination of what happened on the night of Johnson's death. The footage here, however, is of such poor quality that its interpretation is wholly subjective. The footage, already of low quality, appears to have been recorded from CRT monitors using a cell phone or other portable device, distorting the footage significantly. The footage from at least one of the cameras also displays a number of skips, raising potential questions about the continuity of the footage being recorded. Surprisingly, no evidence has been offered about the unorthodox method of obtaining and preserving this footage. After close and scrupulous review of the recordings, the Court concludes that they could be interpreted in such a manner as to contradict or call into question the credibility of the officers' testimony, and that a dispute of material fact therefore remains.

The officers, moreover, had difficulty offering precise accounts of the night in question, arguably because of the passage of time. In light of the rapid nature of the events that unfolded and the time that has since lapsed, it would be presumptuous for this Court to assume that the officers'

recollection of events is unimpeachable. Accordingly, and in light of the Seventh Circuit's admonition advising caution where the defendants are the only testifying witnesses in favor of summary judgment, the Court concludes that summary judgment is inappropriate in this instance and that the interests of finality and justice require a jury trial in this matter.

IT IS SO ORDERED.

Date: 3/29/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge