IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAQUEENA EASTERWOOD,<br>as Administrator of the Estate of<br>DONTE L. JOHNSON, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>VILLAGE OF DOLTON,<br>PHILIP SHEEHAN and RYAN PEREZ,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 17 CV 2888<br>)<br>) Honorable Judge Sharon Johnson Coleman<br>)<br>) Magistrate Judge Sidney I. Schenkier<br>)<br>) Jury Demand<br>)<br>) |

**DEFENDANTS' MOTIONS IN LIMINE NOS. 1-11**

Defendants, by and through their attorneys, John B. Murphey and Rosenthal, Murphey, Coblentz & Donahue, move *in limine* to bar Plaintiff from adducing a trial evidence or argument relating to the following:

**DEFENDANTS' MOTION IN LIMINE NO. 1**
**BAR GENERALIZED EVIDENCE OF POLICE "CODE OF SILENCE"**

Defendants seek to bar Plaintiff from offering any testimony, evidence, or argument that police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow officers. This Court should exclude such evidence because it is not relevant to the jury's determination of the credibility of the police testimony in this case and would be extremely prejudicial to the Defendants.

**DEFENDANTS' MOTION IN LIMINE NO. 2**
**BAR REFERENCE TO OTHER PUBLICIZED EVENTS**
**CONCERNING ALLEGATIONS OF POLICE MISCONDUCT**

Defendants believe that Plaintiff may attempt to mention, discuss or refer to other events regarding police misconduct, such as, but not limited to, highly publicized incidents involving

recent police involved shootings across the country. Such incidents have placed the issue of allegations of police misconduct before the public by way of extensive media coverage, such that law enforcement personnel are often depicted in an unfavorable, and even hostile, manner. Defendants do not condone any of this alleged conduct and should not be forced to defend the conduct of others in this Court.

Comments and implied references regarding police misconduct in other cases have absolutely no probative value and are totally irrelevant to the issues presented. Accordingly, Plaintiff should be precluded from making any reference to any alleged police misconduct, including recent highly publicized instances of such misconduct. See *Sanders v. City of Chicago*, 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004) (granting similar motion).

### DEFENDANTS' MOTION IN LIMINE NO. 3
### BAR ANY TESTIMONY, EVIDENCE, ARGUMENT, OR INNUENDO
### THAT ANY NON-DEFENDANT POLICE OFFICERS ENGAGED IN MISCONDUCT

Defendants move for an order *in limine* barring any testimony, evidence, argument, or innuendo from Plaintiff, Plaintiff's counsel, or any witness, that any non-Defendant police officers, non-Defendant Dolton Police Department personnel in this matter, or any other Village of Dolton employee engaged in any misconduct or caused any injury to Plaintiff in any manner. The Defendant Officers cannot be held liable for the actions of another person. *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986).

To allow any testimony or argument with regard to an alleged injury caused by another Village of Dolton Police Officer or other Village of Dolton employee invites the jury to find against Defendants if they wanted to compensate Plaintiff for any such alleged injury and/or to punish Defendants for the alleged actions of another individual. Accordingly, Plaintiff, Plaintiff's

attorney and witnesses must be barred from mentioning or referring to any alleged misconduct by any non-Defendant police officer, Dolton Police Department personnel, or any other Village of Dolton employee.

**DEFENDANTS' MOTION IN LIMINE NO. 4**
**BAR ANY EVIDENCE OR SUGGESTION THAT THE VILLAGE**
**IMPROPERLY DISCIPLINES OR INVESTIGATES MISCONDUCT**
**OF OFFICERS OR HAS IMPROPER POLICIES AND PROCEDURES**

Defendants seek to bar Plaintiff from arguing or eliciting testimony that the Village of Dolton improperly disciplines, monitors, or controls police officers. Such information is irrelevant to the issues in this case, is highly prejudicial, and is likely to confuse the jury. Fed. R. Evid. 401 and 403. In Illinois, "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. Thus, if the Defendant Officers are not liable to Plaintiff in the instant case, neither can the Village be liable to Plaintiff. See *Guidry v. Boyd*, No. 06 C 1600, 2007 WL 2317174, *15 (N.D. Ill. July 17, 2007).

Furthermore, no separate policy claim was alleged at any point against the Village by Plaintiff. To impose liability on a municipality under § 1983, Plaintiff must comply with the framework established by the Supreme Court in *Monell v. New York City Dep't of Social Services*, in which the purported constitutional injury must be proximately caused by the execution of an official government policy or custom. 436 U.S. 658, 694 (1978). Plaintiff does not allege that a municipal policy or custom was the direct cause of his alleged constitutional injuries. In fact, Plaintiff does not allege any claim against the Village. Therefore, any reference, question or testimony that would imply or suggest that the Village improperly disciplines or investigates police officers should be barred.

**DEFENDANTS' MOTION IN LIMINE NO. 5
BAR EVIDENCE OF, INCLUDING, BUT NOT LIMITED TO,
CIVILIAN COMPLAINTS, LAWSUITS, EMPLOYEE
OR OTHER DISCIPLINARY PROCEEDINGS, PENDING
<u>OR PAST CLAIMS AGAINST DEFENDANTS</u>**

Defendants seek to bar Plaintiff from offering any testimony, evidence, or argument regarding the prior disciplinary records of either Defendant, either with Dolton or with prior employers.. Defendants' motion should be granted because such prior disciplinary records are wholly irrelevant and highly prejudicial to the issue of the Defendant Officers' conduct in this case. Such evidence is irrelevant, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. See Fed. R. Evid. 402 and 403.

Any information or allegation that the Defendant Officers may have acted wrongfully in the past is nothing more than so-called "bad acts" evidence or "propensity evidence." Propensity evidence, however, is inadmissible under Fed. R. Evid. 404(b) to prove that a party acted on the occasion in question consistent with his alleged prior bad acts. In this case, Plaintiff's only purpose in introducing or suggesting such evidence would be to attempt to taint the jury into believing that accusations of alleged misconduct had been brought against the officer in the past, and therefore it is likely that the officer acted in a similar manner under the circumstances presented here.

Although Rule 404(b) permits the admission of evidence of other acts, if such evidence is directed toward establishing a matter in issue other than a Defendant Officer's propensity to commit the act charged, Plaintiff will not be able to satisfy her burden under Rule 404(b) of explicitly articulating which exception to the general rule applies. Moreover, even if there were some probative value in admitting this evidence, that probative value would be overwhelmingly outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *see also Berkovich v. Hicks*, 922

F.2d 1018, 1022-23 (2d Cir. 1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant    Finally,  these same arguments would also apply if Plaintiff sought to introduce any evidence of other litigation and/or complaints against any non-defendant police officer witnesses who might be called to testify in these proceedings.

Accordingly, this Court should preclude Plaintiff from attempting to elicit testimony or otherwise introduce evidence relating to any prior discipline or other complaints of misconduct against the Defendant Officers and any non-defendant Dolton police witnesses called at trial.

### DEFENDANTS' MOTION IN LIMINE NO. 6
### BAR ANY TESTIMONY OR EVIDENCE
### REGARDING INDEMNIFICATION BY THE VILLAGE

Any comment on indemnification by the Village of Dolton should be barred.  The Seventh Circuit has held that indemnification evidence is inadmissible due to the "fear that it will encourage a jury to inflate its damages award because it knows the government – not the individual defendants – is footing the bill."  *Lawson v. Trowbridge*, 153 F.3d 368, 369 (7th Cir. 1998).

The only reason to mention the Village in terms of an indemnification is to signal to the jury that deep pockets are available to pay any judgment.  Such a signal runs afoul of federal and Illinois law that indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability.  Knowledge that Dolton will indemnify the officers for possible damages might encourage jurors to find for Plaintiff regardless of the facts presented and will further lead jurors to inflate an award of sympathy or other irrelevant factors.

### DEFENDANTS' MOTION IN LIMINE NO. 7
### BAR ANY REFERENCE TO PUNISHING OR
### <u>SENDING A MESSAGE TO THE VILLAGE</u>

Plaintiff should be barred from making any argument that the jury should "send a message" to the Village with its verdict, or that the jury should somehow punish the Village with its verdict. Sending a message, or punishment, cannot form the basis for any damages other than punitive damages. As a matter of law, Plaintiff cannot recover punitive damages from the City. See 745 ILCS 10/2-102; *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Accordingly, Plaintiff should not be allowed to imply to the jury that punishment can serve as a legitimate basis for an award against the Village. Any such implication would be unfairly prejudicial to the Defendant Officers. See Fed. R. Evid. 403. Any argument about "sending a message to the Village" would inappropriately lead the jury to believe that by assessing punitive damages, they would be doing so against the Village, instead of the individual Defendants. Any reference that the Village and the Dolton Police Department should be punished would risk substantial unfair prejudice against the Defendant Officers because they have to actually pay any punitive damages award out of their own pockets. Because the Village cannot be liable for punitive damages, this Court should not risk the unfair inference and should bar any argument regarding "sending a message" or "punishing" the Village.

### DEFENDANTS' MOTION IN LIMINE NO. 8
### BAR ANY IMPLICATION OR TESTIMONY THAT DOLTON
### POLICE DEPARTMENT PERSONNEL ARE BEING PAID
### <u>BY THE VILLAGE TO APPEAR IN COURT AND TESTIFY</u>

The Defendant Officers are members of the Dolton Police Department who earn a salary and will continue to be paid during this trial. As such, the Defendant Officers want to bar Plaintiff from making any statements or inferences that they are being paid for their time in court because it is irrelevant and highly prejudicial.

6

### DEFENDANTS' MOTION IN LIMINE NO. 9
### BAR EVIDENCE OF ARYIUS DUNCAN'S
### PRIOR ARRESTS AND/OR CONVICTIONS

Defendants seek to bar Plaintiff from offering any testimony, evidence, or argument regarding Aryius Duncan's prior arrests and convictions. The well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges. *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013)

Under Federal Rule of Evidence 609(a)(1)(A), when a party wishes to attack a witness's character for truthfulness, evidence of a conviction for a crime punishable by imprisonment for more than a year "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." However, Plaintiff has offered no evidence showing that Mr. Duncan has been convicted of a crime punishable by imprisonment for more than a year. Therefore, any testimony, evidence or argument regarding Duncan's convictions should be barred as well.

### DEFENDANTS' MOTION IN LIMINE NO. 10
### TO BAR THE OPINION TESTIMONY
### OF PLAINTIFFS' RETAINED EXPERT WILLIAM M. HARMENING

Separately filed.

### DEFENDANTS' MOTION IN LIMINE NO. 11
### TO BAR THE TESTIMONY OF DR. EIMAD ZAKARIYA

Separately filed.

        Respectfully submitted,

        VILLAGE OF DOLTON, PHILLIP
        SHEEHAN AND RYAN PEREZ

        By:    /s/ John B. Murphey
              One of Their Attorneys

JOHN B. MURPHEY
AMBER M. SAMUELSON
Rosenthal, Murphey, Coblentz & Donahue
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
(312) 541-1070
(312) 541-9191 (fax)
jmurphey@rmcj.com
asamuelson@rmcj.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Mark F. Smolens
Nicole L. Barkowski
MOTTWEILER & SMOLENS, LLP
1627 Colonial Parkway
Suite 301
Inverness, IL 60067
Tel: 773.580.4982
ryansmolensjones@hotmail.com
nbarkowski@gmail.com

Brian W. Coffman
Coffman Law Offices
2615 N. Sheffield, Suite #1
Chicago, Illinois 60604
Tel: 773.348.1295
bcoffmanlaw@gmail.com

By:    /s/ John B. Murphey

John B. Murphey
Amber M. Samuelson
Rosenthal, Murphey, Coblentz & Donahue
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel: 312.541.1770/Fax: 312.541.9191
jmurphey@rmcj.com
asamuelson@rmcj.com