**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SAQUEENA EASTERWOOD, as Administrator of the Estate of DONTE L. JOHNSON, deceased, | ) ) ) ) |
| Plaintiff, | ) ) No. 17 CV 2888 ) |
| vs. | ) Honorable Judge Sharon Johnson Coleman ) |
| VILLAGE OF DOLTON, PHILIP SHEEHAN and RYAN PEREZ, | ) Magistrate Judge Sidney I. Schenkier ) ) Jury Demand ) |
| Defendants. | ) |

## DEFENDANTS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, by and through their attorneys, John B. Murphey and Rosenthal, Murphey, Coblentz & Donahue, move prior to submission of the case to the jury for judgment as a matter of law pursuant to F.R.C.P. 50(a) as to each count of the complaint.

In support of this motion, Defendants state:

**I. COUNT I – EXCESSIVE FORCE**

 **A. Merits.**

1. The undisputed evidence shows that Officers Sheehan and Perez used deadly force against Mr. Johnson after:

- Sheehan observed Johnson pistol-whipping Mr. Duncan.

- Sheehan issued a command to Johnson to drop the gun.

- Johnson did not comply with Officer Sheehan's command.

- Instead, Johnson wheeled around and aimed the gun at Sheehan.

- In the case of Perez, Officer Perez observed the beating.

- Perez saw Johnson pointing the gun in the direction of Sheehan.
- Perez heard the word, "Gun."
- Perez saw Johnson running with what appeared to be the gun in his hand.

2. It is also undisputed that Johnson was armed with a loaded hand gun, which was recovered next to his body.

3. Under these circumstances, the use of deadly force was not excessive. In addition to the various cases cited in the defense summary judgment material, see, *e.g. Caitlin v. City of Wheaton*, 574 F.3d 361 (7th Cir. 2009).

4. Therefore, this Court should find "that a reasonable jury would not have a legally sufficient evidentiary basis to find" for Plaintiff on Count I.

5. As required by *Ortiz v. Jordan*, 520 U.S. 180 (2011), and in the alternative, Defendants move for judgment as a matter of law on the basis of their qualified immunity. At a minimum, this Court should find that Plaintiff did not carry her burden of establishing that the split-second decisions of these two officers to use deadly force to eliminate a reasonably perceived threat to themselves and others posed by the gun-wielding, pistol-whipping Johnson, was so unreasonable as to violate clearly-established law under the relevant Supreme Court and Seventh Circuit precedents cited in our summary judgment materials. To this end, we incorporate the cases cited in support of our motion for summary judgment.

## II. COUNT II – STATE LAW WILLFUL AND WANTON

5. For similar reasons, a reasonable jury does not have a legally sufficient evidentiary basis to find for Plaintiff on the Count II willful and wanton claim under Illinois law.

6. In addition to the reasons set forth with respect to Count I, the use of force by the officers in this case is privileged under Illinois law. 720 ILCS 5/7-5 authorizes a police officer to

use deadly force (that is, force likely to cause death or great bodily harm) "if he reasonably believes that such force is necessary to prevent death or great bodily harm to himself or other persons." The undisputed evidence shows that those circumstances are present in this case. In addition, Section 7-5 authorizes the use of deadly force if an officer reasonably believes that such force is necessary to prevent the arrest from being defeated by resistance or escape; and the person to be arrested has committed or attempted a forcible felony involving the infliction or threatened infliction of great bodily harm; or that person is attempting to escape by use of a deadly weapon or otherwise indicates that he will endanger human life or inflict great bodily harm unless arrested without delay. All of those elements are present in this case. Therefore, a jury would not have a reasonable basis to rule for Plaintiff on Count II.

        Respectfully submitted,

        VILLAGE OF DOLTON, PHILLIP
        SHEEHAN AND RYAN PEREZ

        By:    /s/ John B. Murphey
                One of Their Attorneys

JOHN B. MURPHEY
AMBER M. SAMUELSON
Rosenthal, Murphey, Coblentz & Donahue
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
(312) 541-1070
(312) 541-9191 (fax)
jmurphey@rmcj.com
asamuelson@rmcj.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Mark F. Smolens
Nicole L. Barkowski
MOTTWEILER & SMOLENS, LLP
1627 Colonial Parkway
Suite 301
Inverness, IL 60067
Tel: 773.580.4982
ryansmolensjones@hotmail.com
nbarkowski@gmail.com

Brian W. Coffman
Coffman Law Offices
2615 N. Sheffield, Suite #1
Chicago, Illinois 60604
Tel: 773.348.1295
bcoffmanlaw@gmail.com

                                          By:      /s/ John B. Murphey

John B. Murphey
Amber M. Samuelson
Rosenthal, Murphey, Coblentz & Donahue
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel: 312.541.1770/Fax: 312.541.9191
jmurphey@rmcj.com
asamuelson@rmcj.com